Judge Mills,
delivered the Opinion of the Court.
This is an action by an- assignee of a promissory note against the assignors, to recover the amount, after having pursued the maker of the note to insolvency.
Upon the trial of the issue of non assumpsit, the plaintiff in error, then plaintiff below, showed that the note was not due when assignedt; that he commenced no action thereon;- hut at the first term of the court in the county where the maker of the note resided, he, the maker came into court, and confessed a judgment on the note; that after the term ended, he issued a capias, ad satisfaciendum, in the first instance, under which the maker of the note was imprisoned, and rendered a schedule of his estate, and was discharged. In that schedule he declares he has then no estate of- any kind, having some months before rendered a schedule of his estate, and taken the insolvent debtor’s oath. The record, in which the first schedule was rendered, was also exhibited, wherein it appeared that he was imprisoned at the suit of another creditor, and to release- himself* months before the note now in controversy, became due, he had rendered a schedule of his estate, containing a few articles and debts of inconsiderable value, and that he had for that same demand, , been pursued by writs of fieri facias,, which were returned by the sheriff of the-same county, “no.property found.”
On this evidence the- court below, instructed the jury as in case of a nonsuit, because the plaintiff had not shown a regular proceeding by suit, and a fieri facias before the ca. sa. against the- maker of' the note previous to bringing this action.
It is true that it has been often held that the assignee, to entitle him to his recourse against the assignor:, must show diligence by suit, and then all legal *276 means used in that suit for the recovery of tíie demand, before he can make the assignor responsible. It has also been held, that the prosecution of the demand by fieri facias alone, without showing also a ca sa. is not enough-. But it never has been held, so far as we know, that a fruitless ca. sa. executed, without tx. fieri facias, Was not sufficient proof of insolvency in thfc faiakei’ of the note, and indeed, we conceive it ought not to be so held* For if the assignee, knowing that a fieri facias must be unavailing, dioses at once to issue his btu sa. and thereupon the debtor is imprisoned, and renders a schedule of his estate, which shows that lie has ho estate, and takes the oath of an insolvent debtor, it must strike the mind of every reasonable man, that the proof of insolvency in the debtor is as strong and conclusive as can well be produced; and it would be absurd to compel the assignee, in such case; first to await the formality of a fieri facias, which would be a vain act. At all events, in this case wc cannot suppose that any fieri facias was necessary. Tile schedule rendered, produces nothing, but refers to a former récord in which his estate was given up. When that record is produced, and is read without objection, it seems that he was first pursued by $, fieri facias in vain, and then by a m. sa. which produced a schedule wholly insufficient to pay the debt for which he was then imprisoned. This is clear proof of insolvency by judicial investigation.
•Justice of tho peace wasnot required to return a certificate of the insolvent debtor’s having taken the oath, nor a copy of his discharge; that should, be delivered to the jailer.
%'he Schedule being returned, the pre™ia/| b°nthe oatb was taken, and the 1SC aige
*276 But it is insisted that it no where appears in the records produced, that; the maker of this note ever took the oath of insolvency. That the warrant of the justices t'o the jailor, to bring up his body before them, and a schedule of his estate is all that appears, and there is no evidence that he took the oath required by law, or of his discharge from imprisonment. To this we answer, that the law does not require the justices of the péáce, who shall administer the oath; and discharge the prisoner, to return to the clerk’s office, a certificate of the oath or a copy of the discharge from confinement.
The schedule alone, is all that is to be returned, anti the discharge is to be delivered to the jailor-. If there *277 fore, it Appears by the return of the ca. sa. that the body has been taken or committed, and a schedule of the debtor’s estate is returned, it is presumed that the debtor has taken the propter oath, preparatory to his discharge; and the presumption cannot for a moment be indulged, that the justices took from the prisoner a schedule of his estate, without oath and without discharging him, and returned that to the clerk’s office. The fact of the schedule appear■ing on the file as returned by the justices, verifies the propriety of ail the necessary acts, as done, till the contrary appears.
excf-" cution after judgment, ^[Li-ge assigno^ but throe or four ulay!.fei«-y
Assignee, in. g^nst^assign'- or, may give parol evivfncy in addition to the recortl Proof-
It has also been urged that theíe w&s too much íime given between the judgment confessed, and the emanation of the first execution of ca. sa. and that it was a discharge of the assignor. That an unreasonable delay at that point, would discharge ide assignor, there cannot be a reasonable doubt, But upon ascertaining the time when the term commenceth at which the judgment was confessed, and the length of time which the court was allowed to sit, and then adding thereto ten days, which the act of the legislature At that time required clerks ‘to delay execution after the term was over, and it comes very near to the moment, when the execution was actually issued. At all events, there could n'ot be more than three or four days to spare, which might be the delay of the clerk in observing a due rotation in the business of his office. This delay, therefore, cannot discharge the assignor and- the court below jarred, in instructing the jury as in case of a non suit.
. We have scarcely thought it necessary, to notice lln remaining testimony of the insolvency of the malter of the note, offered by the plaintiff below, and rejected by the court. 'I’liat evidence was in affirmance of the record evidence already adduced, and as such, could not be improper. But the record evidence offered, was so amply sufficient to sustain the action, that evidence corroborating it was wholly unnecessary, and therefore, the plaintiff could have lost nothing by its rejection.
The judgment must be reversed witb costs, and the verdict be sét aside, and the cause be remanded *278 for new proceedings not inconsistent with this opim ion.
Talbott and White, for plaintiffs; Mayes-, for defendant.